# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

REGGIE JOE PATTERSON                                                                  PETITIONER

v.                             NO. 5:09CV00141 BSM/HDY

LARRY NORRIS, Director of the                                      RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, Arkansas 72201-3325

## DISPOSITION

The record reflects that in July of 2006, a Lincoln County, Arkansas, Circuit Court jury convicted petitioner Reggie Joe Patterson ("Patterson") of aggravated robbery, first-degree battery, residential burglary, aggravated assault, and theft of property. On the jury's recommendation, the trial court judge sentenced Patterson to an aggregate term of 170 years in the custody of respondent Larry Norris ("Norris").

Patterson appealed his convictions to the Arkansas Court of Appeals where he raised the following three claims: (A) the evidence was insufficient to support his convictions because "there was no physical evidence connecting him to the crimes and because the testimony presented was not credible," see Patterson v. State, 2007 WL 4181567 at 1 (Ark.App. November 28, 2007); (B) the trial court judge erred by denying a motion for mistrial following the admission of hearsay testimony; and (C) the trial court judge erred by accepting the jury's sentencing recommendation. The state Court of Appeals found no reversible error and affirmed Patterson's convictions in November of 2007. With regard to each claim, the state Court of Appeals found the following: (1) the evidence was sufficient to support his convictions because the victim "unequivocally identified [Patterson] as one of the two persons who committed the crimes," see Id; (2) the trial court judge did not err by refusing to grant a mistral; and (3) Patterson failed to raise the sentencing issue at the trial court level and, thus, "it was not preserved for [appellate] review." See Id. at 2.

In February of 2008, Patterson filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.[1] In the petition, he raised the following two claims: (A) his trial attorney was ineffective because counsel failed to strike or otherwise attempt to remove a juror, and (B) counsel was ineffective because he did not subpoena any alibi witnesses. The trial court judge found no reversible error and denied the petition in August of 2008.

Patterson appealed the denial of his petition for post-conviction relief to the Arkansas Supreme Court. During the appeal, he tendered a partial record and joined it with a motion for belated appeal in which he sought leave to "lodge the record belatedly and proceed with [the] appeal ..." See Patterson v. State, 2009 WL 1098790 at 1 (Ark.S.Ct. April 23, 2009). The state Supreme Court treated the motion as one for rule on the clerk and denied it in April of 2009; in doing so, the state Supreme Court found the following:

> All litigants, including those who proceed pro se, must bear the responsibility of conforming to the rules of procedure. ... If a petitioner fails to tender the record in an appeal in a timely fashion, the burden is on the petitioner to make a showing of good cause for the failure to comply with proper procedure. ... The fact that a petitioner is proceeding pro se does not in itself constitute good cause for the failure to conform to the prevailing procedural rules. ...

---

[1] The record reflects that his petition was captioned "Supplemental Supporting Brief in Support of Rule 37 Petition." See Document 8, Exhibit D. Notwithstanding that designation, the trial court judge treated the submission as a petition pursuant to Arkansas Rule of Criminal Procedure 37.

> The time in which a record on appeal must be lodged is governed by Arkansas Rule of Appellate Procedure-Civil 5(b), made applicable to criminal cases by Arkansas Rule of Appellate Procedure-Criminal 4(a). The time to lodge the record can be extended from the initial period of ninety days to seven months from the date of the entry of the judgment. Ark. R.App. P.-Civ. 5(b). Among other requirements under the rule, Appellate Civil Rule 5(b)(1) requires the order of extension to be entered prior to the expiration of the initial ninety-day period.
>
> Here, [Patterson] filed a motion to extend the time for filing the record on appeal, but no order was entered by the trial court before the ninety-day period expired. [**Footnote**: Moreover, as it appears that there was no stenographically-reported material for inclusion in the record, no discernable ground to extend the time to prepare and lodge the record was present in this case. Ark. R.App. P.-Civ. 5(b)(1).] [Patterson] places the blame on the trial court for failing to timely enter an order granting the motion for extension of time. However, when proceeding pro se, it is not the responsibility of the circuit clerk, circuit court or anyone other than the petitioner to perfect an appeal. ... [Patterson] was therefore solely responsible for ensuring that all the requirements in Appellate Civil Rule 5(b) were met and has stated no good cause for his failure to comply with the rules of procedure or to timely lodge the record on appeal.

See Id. [citations omitted].

FEDERAL COURT PROCEEDINGS. Following the denial on appeal of Patterson's petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 and/or motion for rule on the clerk, he commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he raised the following four claims:

-5-

(1) The evidence to support his convictions was insufficient because there was no evidence connecting him to the crime, specifically, "the victim identified [Patterson's] photograph over a year after the crime and after sustaining head injuries during the crime, and his testimony was inconsistent." See Document 2 at 6.

(2) Hearsay testimony was erroneously admitted at trial when a police officer testified as to what he had been told by someone during the course of the investigation.

(3) The aggregated sentence Patterson received, i.e., 170 years, was unreasonable as he received the maximum number of years for each offense and the sentences for the offenses were ordered to be served consecutively.

(4) His trial attorney was ineffective because counsel failed to strike or otherwise attempt to remove a juror and because counsel did not subpoena any alibi witnesses.

Norris thereafter filed a response to the petition. In the response, he advanced two reasons for dismissing Patterson's petition: (A) claims two, three, and four are procedurally barred from federal court review; and (B) claim one was adjudicated on the merits by the state courts of Arkansas, and the federal courts should defer to that adjudication.

The undersigned briefly reviewed Norris' response and determined that Patterson should be invited to file a reply. He was so invited and asked to explain why his petition should not be dismissed for the reasons advanced by Norris.

Patterson accepted the invitation by filing a reply. He appeared to admit that he did not obtain a ruling on the merits on claims two, three, or four from an Arkansas appellate court but that an external impediment prevented him from doing so, that being, the trial court judge failed to enter a timely order granting Patterson's motion for extension of time to appeal the denial of his petition for post-conviction relief, the effect of which prevented him from continuing with the appeal. He also maintained that the federal courts should not defer to the state court's adjudication of claim one.

CLAIMS TWO, THREE, AND FOUR. Norris maintains that claims two, three, and four are procedurally barred from federal court review because Patterson never obtained a ruling on the merits from an Arkansas appellate court. In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a claim if it was not first fairly presented to the state courts. An exception to the foregoing rule permits the claim to be considered if the petitioner can show cause and prejudice.[2]

---

[2] With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

Patterson filed the petition at bar and advanced four claims. The undersigned has thoroughly examined the record and can find nothing to indicate that he fairly presented claims two, three, or four to the state courts of Arkansas or that he obtained a ruling on the merits from an Arkansas appellate court. Although he raised a variation of claims two and three on direct appeal, those claims did not contain the same legal theories as the claims at bar. As a result, the undersigned finds that the claims were not fairly presented to the state courts of Arkansas. See Wemark v. Iowa, 322 F.3d 1018 (8th Cir. 2003) (for claim to have been fairly presented, same facts and legal theories in support of claim must have been raised in both state and federal court).[3] Patterson raised claim four in his petition for post-conviction relief, but it was rejected on procedural grounds. Because it was so rejected, the undersigned finds that the claim was not fairly presented to the state courts of Arkansas. See Clemons v. Luebbers, 381 F.3d 744 (8th Cir. 1986) (petitioner who fails to satisfy state procedural requirement forfeits right to present claim in habeas corpus proceeding unless cause and prejudice shown). For these reasons, the undersigned finds that Patterson procedurally defaulted in litigating claims two, three, and four. The only question is whether he can show cause and prejudice for his procedural default.

---

[3] Assuming, arguendo, that claim three was identical in both Patterson's direct appeal and the petition at bar, it was rejected on direct appeal because he did not preserve it for appellate review. Because it was rejected on a procedural ground, it cannot be said that the claim was fairly presented to the state courts of Arkansas.

As cause, Patterson maintains that an objective factor external to the defense impeded his efforts to comply with the procedural rules of the State of Arkansas.[4] He specifically maintains that the trial court judge failed to enter a timely order granting Patterson's motion for extension of time to appeal the denial of his petition for post-conviction relief, the effect of which prevented him from continuing with the appeal.

Although interference by an official can be a factor external to the defense that excuses a procedural default, the alleged inaction by the trial court judge did not rise to that level. Patterson has failed to show that the trial court judge was obligated to grant the extension of time. Arkansas Rule of Appellate Procedure - Civil 5(b) governs a request for an extension of time on appeal.[5] As the state Supreme Court found, there was "no stenographically-reported material for inclusion in the record," see Patterson v. State, 2009 WL 1098790 at 1, n.1, and, consequently, there was no justification for granting the extension of time. Even had there been, Rule 5(b) provides that the trial court judge may extend the time, not that the trial court judge must extend the time.

---

[4] A factor external to the defense is one that is not fairly attributable to the petitioner. See Ivy v. Caspari, 173 F.3d 1136 (8th Cir. 1999). It need not necessarily be attributable to the state, but if it is not, it must explain why the factual basis of the claim was reasonably unavailable. Although the undersigned knows of no list of factors that have been identified as external to the defense, the cases include the following examples: interference by the state, ineffective assistance of counsel, and conflicts of interest. See Joubert v. Hopkins, 75 F.3d 1232 (8th Cir. 1996).

[5] The rule provides the following: "If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes [one of five] findings." [Emphasis added].

Accordingly, the undersigned finds that the trial court judge's failure to grant Patterson's motion for extension of time is not interference by an official and is not an objective, external factor that excuses his procedural default. He cannot show cause for his procedural default of claims two, three, or four. The claims are therefore procedurally barred from federal court review.

<u>CLAIM ONE</u>. In claim one, Patterson maintains that the evidence to support his convictions was insufficient. He specifically maintains that "the victim identified [Patterson's] photograph over a year after the crime and after sustaining head injuries during the crime, and his testimony was inconsistent." <u>See</u> Document 2 at 6.

The state Court of Appeals considered and rejected this claim in Patterson's direct appeal. The state Court of Appeals specifically found the following:

> At trial, Shawn Robinson testified that he drove [Patterson] and Ricardo White to the residence of the victim, Donnie Burr. According to Robinson, [Patterson] and White returned ten to twenty minutes later, running. [Patterson] and White were breathing hard, and [Patterson] had a cut on his face. When Robinson asked what had happened, one of them said that Burr "wouldn't cooperate." At trial, the victim, Burr, unequivocally identified [Patterson] as one of two persons who committed the crimes with which [Patterson] was charged. Burr described how [Patterson], who was armed with a pistol, confronted him on his front porch; how he was struck in the head; how his arm was broken; how after entering the residence [Patterson] threatened to kill him if he did not open his safe; and how the assailants stole certain items. Burr also acknowledged that, approximately a year after the incident, he chose [Patterson's] photograph from a lineup.

> First, [Patterson] contends that the evidence was insufficient to support the convictions because there was no physical evidence connecting him to the crimes and because the testimony presented was not credible. He asserts that Burr's identification of [him] was not credible, noting that there was a yearlong delay before Burr identified [his] photograph, that Burr was struck in the head during the crimes, and that there were inconsistencies in [Burr's] testimony. [Patterson] further asserts that Robinson had something to gain from accusing [him], as [Robinson] was not prosecuted for the crimes despite driving [Patterson] to the crime scene, and that Robinson's testimony did not exclude the possibility that [Patterson] was not in the car, did not go to Burr's residence, and did not commit the crimes.
>
> The matters emphasized by [Patterson] concern the credibility of the State's witnesses. Determinations of credibility and the accuracy of an eyewitness identification are for the trier of fact to resolve, and one eyewitness's testimony is sufficient to sustain a conviction. … Here, Burr unequivocally identified [Patterson] as one of the two persons who committed the crimes. Accordingly, we conclude that the evidence was sufficient to support [Patterson's] convictions.

See <u>Patterson v. State</u>, 2007 WL 4181567 at 1 [citations omitted].

28 U.S.C. 2254(d) governs the disposition of claim one. The paragraph provides that a petition for writ of habeas corpus shall not be granted with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was:

> (1) … contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) … based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The foregoing "mandates a deferential review of state court decisions." See Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001) [citation and internal quotations omitted].[6]

Did the adjudication of claim one by the state Court of Appeals result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law? The undersigned thinks not. Admittedly, the state Court of Appeals did not cite Jackson v. Virginia, 443 U.S. 307 (1979), or any other United States Supreme Court decision addressing challenges to the sufficiency of the evidence, but "[a] reasonable application of established federal law does not require citation of [United States Supreme Court] cases-indeed, it does not even require awareness of [these] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." See Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005) [citations and internal quotations omitted; emphasis in original]. The state Court of Appeals applied the teachings of Jackson v. Virginia and did so in an objectively reasonable manner; neither the reasoning nor the result contradicts Jackson v. Virginia.

---

[6] "[M]ere disagreement with the [state] court's conclusions is not enough to warrant habeas relief. … Under the first prong of the statute, relief should not be granted unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. … Under the second prong, a state court's determination on the merits of a factual issue is entitled to a presumption of correctness. …" See Boyd v. Minnesota, 274 F.3d at 500 [citations and internal quotations omitted]..

Patterson has also not shown that the adjudication of claim one by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state Court of Appeals found that "[t]he matters emphasized by [Patterson] concern the credibility of the State['s] witnesses," that "[d]eterminations of credibility and the accuracy of an eyewitness['s] identification are for the trier of fact to resolve, and [that] one eyewitness's testimony is sufficient to sustain a conviction." See Patterson v. State, 2007 WL 4181567 at 1. The state Court of Appeals additionally found that the victim "unequivocally identified Patterson as one of the two persons who committed the crimes." See Id. On the basis of those findings, the state Court of Appeals found that the evidence was sufficient to support his convictions. It is difficult to see how, given the victim's testimony, the state Court of Appeals could have found otherwise.

For the reasons identified above, the undersigned finds that Patterson cannot overcome the substantial barrier posed by 28 U.S.C. 2254(d). Claim one is therefore without merit.

RECOMMENDATION. The undersigned finds that claims two, three, and four are procedurally barred from federal court review because they were not fairly presented to the state courts of Arkansas. The undersigned also finds that claim one is without merit. The undersigned therefore recommends that Patterson's petition be dismissed, that all requested relief be denied, and that judgment be entered for Norris.

DATED this ___14___ day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE